IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CECILIO CORTEZ LOPEZ,**<br><br>　　　　　　　　　　　Petitioner,<br><br>　　v.<br><br>**MICHAEL L. BENOV,**<br><br>　　　　　　　　　　　Respondent. | Case No. 1:13-cv-01207 MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS** |

## I.　INTRODUCTION

Petitioner is a federal prisoner proceeding *pro se* with a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner is confined at Taft Correctional Institution ("TCI") in Taft, California.

The instant petition was filed on August 2, 2013. (Pet., ECF No. 1.) Petitioner alleges he was denied forty eight (48) days of good conduct time he earned by participating in educational programming between April 28, 2007 and April 27, 2011. (Id. at 3, 8.) Petitioner presents two arguments: (1) that as a sentenced deportable alien, he was not required to meet the education requirement to be eligible for additional good conduct time; and (2) that the employees of TCI are not authorized to reduce Petitioner's good conduct time because they are not Bureau of Prisons employees. (Id. at 4-6.)

1

Respondent filed an answer to the petition on November 1, 2013. (Answer, ECF No. 12.) Petitioner filed no traverse. This matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. It stands ready for adjudication.

## II. JURISDICTION

### A. Subject Matter Jurisdiction

Relief by way of a writ of habeas corpus extends to a prisoner in custody under the authority of the United States who shows that the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Although a federal prisoner who challenges the validity or constitutionality of his conviction must file a petition for writ of habeas corpus under 28 U.S.C. § 2255, a federal prisoner challenging the manner, location, or conditions of the execution of a sentence must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).

Petitioner alleges that his good conduct time has been improperly calculated. (Pet. at 3.) If a constitutional violation has resulted in losing time credits, it affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990). The Court has subject matter jurisdiction over the petition.

### B. Jurisdiction over the Person

28 U.S.C. § 2241(a) provides that writs of habeas corpus may be granted by the district courts "within their respective jurisdictions." A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-495, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973). A petitioner filing a petition for writ of habeas corpus under § 2241 must file the petition in the judicial district of the Petitioner's custodian. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). The warden of the penitentiary where a prisoner is confined constitutes the custodian who must be named in the petition, and the petition must be

filed in the district of confinement. Id.; Rumsfeld v. Padilla, 542 U.S. 426, 446-47, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004). It is sufficient if the custodian is in the territorial jurisdiction of the court when the petition is filed; transfer of the petitioner thereafter does not defeat personal jurisdiction that has once been properly established. Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990).

At all pertinent times Petitioner was incarcerated at TCI. TCI is within the Eastern District of California. Petitioner named Michael L. Benov, the Warden of TCI, as Respondent. The Court has personal jurisdiction over the custodian.

### III.   ANALYSIS OF CLAIM

#### A.   Factual Background

While incarcerated, Petitioner participated in a literacy program to help him progress towards obtaining a General Educational Development ("GED") certificate. Petitioner first enrolled in the literacy program on March 5, 2007. (Decl. of Dale Patrick, Ex. D, ECF No. 12-2.) On November 27, 2007, his GED status was changed to unsatisfactory due to poor progress. (Id., Exs. D, G.) Petitioner then voluntarily withdrew from the program after completing 182 instructional hours. (Id.)

He thereafter repeated this enrollment and withdrawal cycle:  He re-enrolled on January 14, 2008, and withdrew on March 21, 2008, after completing 94 instructional hours; on April 10, 2008, he re-enrolled, but he withdrew after completing only 26 instructional hours; and he re-enrolled on July 15, 2010, and completed 240 instructional hours when, on September 23, 2011, his status was changed from unsatisfactory to satisfactory. (Id.)

On October 9, 2003, the U.S. Immigration and Customs Enforcement (formerly Immigration and Naturalization Service) lodged a detainer against Petitioner for possible deportation. (Decl. of Dale Patrick, Ex. D) However, prison records indicate that Petitioner has not yet received a final order of deportation, exclusion or removal. (Id.)

Finding that Petitioner's progress towards his GED had been unsatisfactory from November 27, 2007 to September 23, 2011, Respondent provided Petitioner good

1 conduct time at a rate of 42 days per year rather than 54 days per year which would have been awarded if he had been satisfactorily enrolled during that period. (Id.) Petitioner challenges that determination.

**B.     Discussion**

18 U.S.C. § 3624(f) directs the BOP to create a "functional literacy" program "for all mentally capable inmates who are not functionally literate." Each eligible inmate must participate in the program for a mandatory period to be determined by the BOP, and the BOP must offer "appropriate incentives which lead to successful completion of the programs." 18 U.S.C. § 3624(f). Under these statutory mandates, the BOP requires any inmate without a high school diploma or GED to attend instructional courses until he completes 240 hours of attendance or obtains a GED, whichever occurs first. 28 C.F.R. § 544.70. Once the inmate has reached 240 hours, the BOP offers additional incentives to encourage completion of the course under 28 C.F.R. § 523.20(c)(1), which awards 54 days of good conduct time credit if the inmate "has earned or is making satisfactory progress toward earning a GED credential." See also 18 U.S.C. § 3624(b)(1) (providing that "[i]n awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree."). If the inmate chooses not to pursue a GED beyond the mandatory 240 hours, 28 C.F.R. § 523.20(c)(2) provides that the BOP shall award only 42 days good conduct time credit.

Inmates who fit within one of the exceptions in 28 C.F.R. § 544.71 are excused from mandatory participation in the literacy program. Exceptions exist for sentenced deportable aliens, and those who are temporarily or permanently unable to participate due to documented mental, emotional, or physical impairments which limit their ability to benefit from the program. 28 C.F.R. § 544.71.

Respondent determined that Petitioner was not entitled to 54 days of good conduct time per year for the period between November 27, 2007 and September 23, 2011 because Petitioner did not complete 240 hours of continuous education during that

4

1  period, and therefore was not making satisfactory progress towards a GED. Records
2  provided by Respondent indicate that on November 27, 2007, Petitioner was making
3  unsatisfactory progress and withdrew from classes. (Patrick Decl., Exs. D, G.) March 21,
4  2008 records indicate that Petitioner was not attending class and had poor progress.
5  (Id.) Petitioner again withdrew from classes on May 19, 2008. (Id.) After re-enrolling and
6  completing 240 instructional hours, Petitioner's GED status was changed to satisfactory
7  on September 23, 2011, and his credit earning status was changed to 54 days a year.
8  (Id.)

9  Petitioner does not challenge the accuracy of Respondent's good conduct time
10 calculations. Instead, he asserts that he was exempt from participation in the literacy
11 program because he was a sentenced deportable alien and that the employees of TCI
12 were not Bureau "staff" and did not have authority to withhold good credit time.

13 **1.   Sentenced Deportable Alien**

14 Petitioner is not exempt from class enrollment requirements as a deportable alien.
15 A prisoner must be subject to a final order of removal by the Immigration and Customs
16 Enforcement Agency to be a deportable alien under for the Bureau's regulations. See 28
17 C.F.R. § 523.20(d).

18 On October 9, 2003, U.S. Immigration and Customs Enforcement lodged a
19 detainer against Petitioner for possible deportation. (Patrick Decl., Ex. D.) According to
20 the records provided, Petitioner has not received a final order of deportation. (Id.) As 28
21 C.F.R. § 523.20(d) provides an exception only to aliens "who [are] subject to a final order
22 of removal, deportation, or exclusion" and Petitioner has not received a final order of
23 removal, § 523.20(d) does not apply and he is still subject to the mandated literacy
24 program requirement. De La Cruz v. Zickefoose, 450 Fed. Appx. 123, 126 (3d Cir. 2011);
25 see also Reyes-Morales v. Fed. Bureau of Prisons, 766 F. Supp. 2d 1349, 1357 (S.D.
26 Ga. 2010); Argueta-Anariba v. Recktenwald, 2014 U.S. Dist. LEXIS 156152 (S.D.N.Y.
27 Nov. 4, 2014).

28 **2.   Authority of Non-Bureau Staff to Calculate Credits**

Petitioner also asserts that employees of TCI, a private correctional institution, are not Bureau of Prisons staff, and not authorized to reduce Petitioner's good conduct time. Petitioner refers to 28 C.F.R. § 500.1(b) that defines "staff" as "any employee of the Bureau of Prisons or Federal Prison Industries, Inc." It is an open question in this District whether TCI staff have authority to conduct disciplinary proceedings against prisoners resulting in the loss of good conduct time. See, e.g., Arellano v. Benov, 2014 U.S. Dist. LEXIS 41736 (E.D. Cal. Mar. 26, 2014).

With regard to disciplinary proceedings, the relevant federal regulations require Bureau employees to conduct proceedings. The Courts were then called upon to engage in statutory and regulatory construction to determine if it was reasonable for the Bureau of Prisons to allow non-Bureau staff to discipline prisoners. In Arellano, the Court found that "The regulations require the BOP to provide inmates with disciplinary hearings before a [disciplinary hearing officer] employed by the BOP. The BOP is bound by the regulations it imposes on itself and was not authorized to allow staff of a privately run prison to discipline Petitioner." Arellano, 2014 U.S. Dist. LEXIS 41736 at 45-46.

While the regulations regarding prison discipline explicitly require Bureau staff to conduct disciplinary hearings, the regulations regarding satisfactory participation in the literacy program for additional good credit time do not. See 28 C.F.R. §§ 523.20; 544.70-544.75. The only relevant regulation requiring the involvement of Bureau staff with regard to the literacy program applies when disciplinary action is taken for failure to participate. See 28 C.F.R. §§ 544.75 ("As with other mandatory programs, such as work assignments, staff may take disciplinary action against an inmate lacking a GED credential or high school diploma if that inmate refuses to enroll in, and to complete, the mandatory 240 instructional hours of the literacy program."). However, the reduction of credit earning capacity from 54 days to 42 days per year has not been considered a disciplinary action. See Martin v. O'Brien, 207 Fed. Appx. 587, 588 (6th Cir. 2006); Livengood v. Bureau of Prisons, 503 Fed. Appx. 104, 107 (3d Cir. 2012) ("The reduction in his good conduct time earning rate was not a sanction imposed pursuant to a

misconduct adjudication.").

Regarding interpretation of federal regulations, the agency's interpretation of ambiguous regulations is provided deference. Christopher v. SmithKline Beecham Corp., 132 S. Ct. 2156, 2166, 183 L. Ed. 2d 153 (2012). "It is well established that an agency's interpretation need not be the only possible reading of a regulation—or even the best one—to prevail." Decker v. Northwest Envtl. Def. Ctr., 133 S. Ct. 1326, 1337, 185 L. Ed. 2d 447 (2013). Under Auer v. Robbins and Seminole Rock, a court will defer to an agency's interpretation of its regulations, "even in a legal brief, unless the interpretation is plainly erroneous or inconsistent with the regulations or there is any other reason to suspect that the interpretation does not reflect the agency's fair and considered judgment on the matter in question." Talk Am., Inc. v. Mich. Bell Tel. Co., 131 S. Ct. 2254, 2260-2261, 180 L. Ed. 2d 96 (2011) (citation omitted); Chase Bank USA, N. A. v. McCoy, 562 U.S. 195, 131 S. Ct. 871, 881, 178 L. Ed. 2d 716 (2011); Auer v. Robbins, 519 U.S. 452, 461, 117 S. Ct. 905, 137 L. Ed. 2d 79 (1997); Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 411, 65 S. Ct. 1215, 89 L. Ed. 1700 (1945); Indep. Training & Apprenticeship Program v. Cal. Dep't of Indus. Rels., 730 F.3d 1024, 2013 U.S. App. LEXIS 19255 (9th Cir. 2013).

Respondent's interpretation of the regulations is entitled to Auer deference. The regulations do not state that Bureau staff must be involved in making a determination whether an inmate's progress in the literacy program is satisfactory. The regulation is silent regarding who can determine whether an inmate is entitled to either 54 or 42 days of good conduct time for continued enrolment in the literacy program. As the Bureau's interpretation is neither plainly erroneous nor inconsistent, it is entitled to deference. Petitioner's claim that TCI employees are not authorized to determine his good credit time eligibility based on his satisfactory enrollment in the literacy program is without merit.

## IV.  **RECOMMENDATION**

It is HEREBY RECOMMENDED that the petition for writ of habeas corpus be

1  DENIED.

2      These Findings and Recommendations are submitted to the assigned United States District Court Judge, under 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   January 13, 2015              /s/ *Michael J. Seng*
                                                     UNITED STATES MAGISTRATE JUDGE